UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0072 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| ANDRE MAURICE COX, | |
| Defendant. | |

Surya Saxena, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

James S. Becker and Douglas Olson, OFFICE OF THE FEDERAL DEFENDER, for defendant.

On January 24, 2014, Minneapolis police officer Travis Williams conducted a traffic stop on defendant Andre Maurice Cox. After pulling his car to the side of the road, Cox fled the scene on foot, leaving the motor of the car running, the keys in the ignition, and the driver's door unlocked. Williams apprehended Cox moments later. Police then searched the abandoned car and found a handgun. Cox was later indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Cox moves to suppress the evidence seized as a result of the traffic stop. According to Cox, Williams did not have probable cause to believe that Cox had engaged in criminal activity before initiating the traffic stop. Williams testified that he did indeed have probable cause to stop Cox, because Cox had been traveling too fast for road conditions and had failed to brake at a stop sign. But Cox argues that Williams's credibility was undermined by inconsistencies between his testimony and other evidence in the record. And because the traffic stop was not

supported by probable cause, Cox argues, any evidence obtained by the government after the stop should be suppressed as the fruit of a poisonous tree.

This matter is before the Court on Cox's objection to the May 19, 2014 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron. *See* ECF No. 41.  In that R&R, Judge Mayeron recommends that Cox's motion to suppress be denied.  Judge Mayeron found that Williams's testimony was credible and therefore concluded, based on that testimony, that Williams had probable cause to conduct the traffic stop.  Judge Mayeron further found that even if Williams did not have probable cause to conduct the traffic stop, the search of Cox's car was nevertheless lawful, for two reasons.  First, Cox abandoned the car immediately after the traffic stop, and thereafter had no reasonable expectation of privacy in the car.  Second, when Cox fled from the police, he committed an independent offense, and that independent offense gave police the right to search the car.  The Court has conducted a de novo review of the R&R and the transcript of the hearing on Cox's motion to suppress evidence.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  Based on that review, the Court overrules Cox's objection and adopts the R&R.[1]

As an initial matter, the Court agrees with Judge Mayeron that the inconsistencies in Williams's account of the events leading up to the traffic stop were minor and did not seriously undermine his credibility.  For example, Cox makes much of the fact that Williams's initial report from the night of the traffic stop states that Cox failed to brake at stop signs (plural),

---

[1] The R&R also recommends that Cox's motion to suppress statements, admissions, and answers given while in custody be denied as moot, as the government has indicated that it does not intend to offer any such statements, admissions, or answers in its case-in-chief.  *See* R&R at 9.  Cox has not objected to this portion of the R&R.  Accordingly, the Court denies this motion as moot.

whereas Williams testified at the hearing on Cox's motion to suppress that he observed Cox fail to brake at only one stop sign (singular).  Putting aside the fact that Williams would seem to have no reason to falsely testify at a suppression hearing that Cox committed *fewer* offenses, Williams credibly explained that the discrepancy between his testimony and his initial report was the result of a dictation or transcription error.  *See* Tr. at 52-54 [ECF No. 47].  Likewise, Cox attempts to undercut Williams's credibility by pointing out that he erred when he testified that the video camera in his squad car was activated by his turning on the emergency lights, when the camera was activated by braking.  But it appears that Williams did not, in fact, err — and even if he did err, there is no reason to believe that the error was anything but a simple mistake.  In short, none of the minor discrepancies cited by Cox causes the Court to discredit Williams's account, and Cox introduced no evidence that was inconsistent with that account.  The Court therefore finds that Williams had probable cause to conduct the traffic stop.  Because the tree was not poisonous, none of its fruit must be suppressed.

The Court also agrees with Judge Mayeron that, even if Williams had lacked probable cause to conduct the traffic stop, the search of Cox's car would nevertheless have been lawful.  As explained in the R&R, Cox had no reasonable expectation of privacy in his car after he fled the scene, leaving the motor running, the keys in the ignition, and the driver's door unlocked.  *See United States v. Smith*, 648 F.3d 654, 660 (8th Cir. 2011); *United States v. Walton*, 538 F.2d 1348, 1354 (8th Cir. 1976).  And as the R&R also explains, Cox's flight from the police constituted an independent crime that itself gave police legal justification to search Cox's car. *See* Minn. Stat. § 609.487, subd. 6.

For these reasons, Cox's motion to suppress is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the May 19, 2014 R&R [ECF No. 41] and OVERRULES the objection of defendant Andre Maurice Cox [ECF No. 44]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Cox's motion to suppress evidence [ECF No. 25] is DENIED.

2. Cox's motion to suppress statements, admissions, and answers [ECF No. 26] is DENIED AS MOOT.

Dated: June 16, 2014                    s/Patrick J. Schiltz
                                        Patrick J. Schiltz
                                        United States District Judge